MARCH 5, 1979

BINDRA v STATE BOARD OF LAW EXAMINERS. (Docket No. 59398.) Petitioner's complaint for superintending control is considered. Based on all of the facts presented, including the facts that the petitioner graduated first in his class from Delhi University (India) in 1966 and second in his class from Delhi Law School in 1969, and that he received an LLM degree from the University of Virginia Law School in 1970, it is hereby ordered that the petitioner is academically eligible to take the Michigan bar examination after proper application, payment of the prescribed fees and clearance for character and fitness. It is further ordered that, on successful completion of the Michigan bar examination, the petitioner is eligible for admission to practice in this state. *Dyer, Meek, Ruegsegger, King & McClear* for petitioner. *Robert K. Avery* for respondent.

RYAN, J., dissents as follows:

I dissent from the Court's order because it violates Board of Law Examiners Rule 2(B) which provides:

"Before taking the examination an applicant must graduate from a reputable and qualified law school that

"(1) is incorporated in the United States, its territories, or the District of Columbia; and

"(2) requires for graduation 3 school years of study for full-time students, and 4 school years of study for part-time or night students. A school year must be at least 30 weeks.

"A law school approved by the American Bar Association is reputable and qualified. Other schools may ask the Board to approve the school as reputable and qualified."

The plain requirement of the rule is that an applicant be graduated from a law school incorporated in the United States, its territories or the District of Columbia, with the traditional JD or LLB law school degree following either three years of full-time or four years of part-time study. Mr. Bindra was not graduated from such a school, although he has earned an LLM degree from the University of Virginia Law School. Apparently the Court does not regard that

accomplishment as compliance with Rule 2(B), since its order is "[b]ased on all of the facts presented, including the facts that the petitioner graduated first in his class from Delhi University (India) in 1966 and second in his class from Delhi Law School in 1969" as well as his receipt of the Masters Degree from the University of Virginia Law School. Mr. Bindra's excellent academic record in India, and his Masters Degree from the University of Virginia Law School, do not separately or together constitute compliance with Rule 2(B).

If justice requires Mr. Bindra be permitted to sit for the Michigan bar examination, as indeed it may, we should rewrite our rule or enact a new one which will embrace his circumstances. We do ourselves no credit, however, by ignoring the one we have.

Reconsideration denied *post*, p 1127.